(Reap. Dec. 8762)

CARNEY-STANSFIELD COMPANY *v.* UNITED STATES

Entry Nos. 887992; 853763.

(Decided March 15, 1957)

Plaintiff not represented by counsel.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: When the above-enumerated appeals for a reappraisement were called for hearing, there was no appearance on behalf of plaintiff and the cases were ordered submitted by the court.

Rule 5 (a) of the rules of the court provides that—

The submission for decision of any case shall be made in open court by the parties thereto or their attorneys, or by stipulation, or by written request to the court, or by the court on its own motion. Where the plaintiff, petitioner, or appellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it may be deemed submitted and may be decided by the court on the record as it appears therein.

Accordingly, I have examined the record in the appeals before the court and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I find and hold, therefore, that the proper values of the merchandise are the values returned by the appraiser.

Judgment will be entered accordingly.

(Reap. Dec. 8763)

HEUSCH UNITED INDUSTRIALS, INC. *v.* UNITED STATES

Entry Nos. 44301; 44544.

(Decided March 15, 1957)

Plaintiff not represented by counsel.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: When the above-enumerated appeals for a reappraisement were called for hearing, there was no appearance on behalf of plaintiff and the cases were ordered submitted by the court.

Rule 5 (a) of the rules of the court provides that—

The submission for decision of any case shall be made in open court by the parties thereto or their attorneys, or by stipulation, or by written request to the court, or by the court on its own motion. Where the plaintiff, petitioner, or appellant, or his attorney, in a case does not appear when the same is called, and after the opposite party has had opportunity to present evidence on the issues, it may be deemed submitted and may be decided by the court on the record as it appears therein.

Accordingly, I have examined the record in the appeals before the court and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I find and hold, therefore, that the proper values of the merchandise are the values returned by the appraiser.

Judgment will be entered accordingly.

MARCH 7, 1957

Reap. Dec. 8764.——█
.—*Arkwright Accessories, Inc., et al.* v. *United States.* Entered at New York, N. Y. Decided January 31, 1957. [Not published.] Motion by plaintiffs.

(Reap. Dec. 8765)

UNITED STATES *v.* HOLLAND IMPORT CO. OF HOUSTON, INC.

Entry Nos. 3687–H; 3254–H.

(Decided March 21, 1957)

*George Cochran Doub,* Assistant Attorney General, for the plaintiff.
Defendant not represented by counsel.

OLIVER, Chief Judge: These two appeals for reappraisement, involving shipments of hardboard from Rotterdam, Holland, that were entered at the port of Houston, Tex., have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that the market value or price at the time of the exportation of the merchandise involved herein, at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, is as follows: